NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMED AL-FAROOK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MARINA DISTRICT DEVELOPMENT COMPANY, LLC, <br><br> Defendant. | Civil Action No. 13-138 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Marina District Development Company, LLC's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (Def.'s Br., ECF No. 14.) Plaintiffs filed Opposition. (Pls.' Opp'n, ECF No. 21.) Defendant filed a Reply. (Def.'s Reply, ECF No. 27.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Defendant's motion is granted.

**I.  Background**

   **A.  Overview of Plaintiffs' Allegations**

The following facts, taken from the Complaint (ECF No. 1), are relevant to the Court's resolution of the pending motion.

Defendant Marina District Development Company does business in New Jersey as the Borgata Casino & Spa ("Borgata" or "Defendant"). Plaintiffs are 22 of the approximately 40

employees Borgata laid off from its Table Games Department in May 2011. (Compl. ¶¶ 62, 116-17.) Each Plaintiff was over 40 years old when the layoffs occurred. (*Id.* at ¶¶ 1-44.)

Each Plaintiff entered into an "Employee Separation Agreement" with Borgata. (*Id.* at ¶¶ 132-35.) Under the agreements, Plaintiffs waived all potential claims against Borgata in exchange for a severance payment. (*Id.*) Nevertheless, Plaintiffs commenced this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, alleging that the process Borgata used to select Plaintiffs for termination was "highly susceptible to, and infected with, age bias." (Compl. ¶ 125.)

The pending motion is not addressed to the merits of Plaintiffs' substantive age-discrimination claim. Instead, Borgata focuses the Court's attention on Count One, which seeks a declaratory judgment invalidating the separation agreements insofar as they waive Plaintiffs' claims under the ADEA. According to Plaintiffs, such a declaration is appropriate here because Borgata failed to comply with requirements of the Older Workers Benefit Protection Act ("OWBPA"), which imposes duties of disclosure and other requirements on employers who seek ADEA waivers from their employees. *See* 29 U.S.C. § 626(f)(1).

### B. Borgata's Answer

In its Answer, Borgata admits offering Plaintiffs the separation agreements—Borgata refers to them as "waivers"—but neither admits or denies Plaintiffs' allegations regarding the OWBPA. (Ans. ¶¶ 132-35.) Instead, Borgata attempts to plead around the OWBPA issue with a waiver of its own. Borgata, the Answer declares, "will not assert the waivers executed by the plaintiffs in this matter as a defense to their claims under the ADEA." (Ans. ¶¶ 137, 140-46, 148.) This disclaimer serves as the launching pad for the motion now before the Court.

2

## C. Borgata's Motion for Judgment on the Pleadings

Borgata's motion, styled as a Rule 12(c) motion for judgment on the pleadings, challenges the Court's jurisdiction over Count One of Plaintiffs' Complaint. Borgata contends that its decision "not [to] assert the [agreements] executed by plaintiffs in this matter as a defense to their claims under the ADEA" (Ans. ¶ 138) strips Count One of a justiciable case or controversy. *See* U.S. Const. art. III, § 2; 28 U.S.C. § 2201 (empowering a court to render declaratory judgment "[i]n a case of actual controversy within its jurisdiction"). Although Borgata appears reluctant to pick between the doctrines of ripeness and mootness, its basic argument is straightforward. In Borgata's view, Count One presents a single question: whether or not Plaintiffs forfeited their ADEA claim when they signed the agreements. Borgata's Answer settles this question by declining to raise the agreements as an affirmative defense. Thus, Borgata reasons, there is nothing left for the Court to decide with respect to Count One.

Plaintiffs disagree, insisting that Count One survives Borgata's Answer. Plaintiffs' opposition consists of three main prongs. First, they argue that the parties' dispute about whether Borgata violated the OWBPA remains a "live" controversy, regardless of whether or not Borgata chooses to raise the agreements as a defense. Second, Plaintiffs reject Borgata's narrow view of the relief available under Count One. Plaintiffs assert that various "appropriate legal or equitable remedies" may accompany the Court's decree, including, for instance, an order requiring Borgata to advise former employees of their rights under the ADEA and an injunction prohibiting Borgata from violating the OWBPA for five years on penalty of contempt. (Pls.' Opp'n. 12-14). Finally, Plaintiffs suggest that the Court may retain jurisdiction over Count One in order to ensure Borgata's compliance with the OWBPA in the future. (Pls.' Opp'n 17.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion must be denied unless the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenaue v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In applying this standard, the court views the facts presented in the pleadings in the light most favorable to the nonmoving party. *Id.*

## III. Analysis

Article III of the Constitution conditions any exercise of federal judicial authority on the existence of an "actual controversy" between interested litigants. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). The doctrines of ripeness and mootness, though distinct, both provide a framework for determining whether a particular claim presents a justiciable controversy for purposes of Article III. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (observing that the "doctrines of mootness [and] ripeness . . . originate in Article III's 'case' or 'controversy' language"). Here, the Court evaluates Count One of Plaintiffs' Complaint under both the ripeness and mootness doctrines.

### A. Count One Presents a Ripe Controversy

The aim of the ripeness inquiry is to determine whether the parties' dispute "has matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975). The inquiry focuses on a trio of factors, namely, "the adversity of the interests of the parties, the conclusiveness of the judicial judgment and the practical help, or utility of that judgment." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

All three of these factors are readily apparent on the face of Plaintiffs' prayer for declaratory relief. The respective interests of the parties—Borgata's in enforcing the waivers, and Plaintiffs' in pursuing claims under the ADEA—came into direct and open conflict the moment Plaintiffs officially accused Borgata of discrimination. From that point, the interest of one party had necessarily to prevail over the interest of the other. Judicial resolution of this dispute would, moreover, be conclusive and immediately effective: if a court invalidated the waivers, Plaintiffs' discrimination claim would proceed; if the waivers were upheld, Plaintiffs' discrimination claim would be barred. Accordingly, Count One presents a ripe controversy.

### B. Count One Is Moot

Article III demands that an actual controversy exist "not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (internal quotation marks omitted). Thus, a federal court's jurisdiction evaporates when, for whatever reason, a ripened controversy becomes academic. *Id.* at 727. When doubts about the vitality of a once-genuine controversy arise, courts turn to the mootness doctrine to determine "whether the occasion for judicial intervention persists." *Warth*, 422 U.S. at 499 n.10.

Borgata's decision not to assert the waivers effectively hands Plaintiffs the concrete relief they sought in Count One: confirmation that their ADEA claim may proceed notwithstanding the waiver agreements they signed. The threat to Plaintiffs' substantive claim is thus neutralized, and this Court's resolution of Plaintiffs' challenge to the legality of the agreements could have no practical effect on the rights and obligations of either party. Accordingly, Count One of the Complaint is moot. *See Already*, 133 S. Ct. at 726-27 (controversy mooted when "the parties lack a legally cognizable interest in the outcome" regardless of "how vehemently the parties

continue to dispute the lawfulness of the conduct that precipitated the lawsuit") (internal quotation marks and citations omitted).

In an attempt to resist this conclusion, Plaintiffs contend that a decree invalidating the agreements could be accompanied by a panoply of secondary relief, including attorney's fees and various other legal and equitable remedies. This is unrealistic. Under the OWBPA, Plaintiffs are entitled to no "affirmative relief, other than declaratory or injunctive relief to negate the validity of the waiver, as it applies to an ADEA claim." *Whitehead v. Oklahoma Gas and Elec. Co.*, 187 F.3d 1184, 1191 (10th Cir. 1999); *accord Krane v. Capital One Svcs.*, 314 F. Supp. 2d 589, 609-10 (E.D. Va. 2004).

Equally fanciful is Plaintiffs' suggestion that the Court may assume jurisdiction over Count One to ensure Borgata's prospective compliance with the OWBPA. Whether or not Borgata violates the OWBPA in the future is no concern of Plaintiffs, who do not seek reinstatement to their old jobs. Unless the rights of Plaintiffs themselves are threatened, this Court has no authority to anticipate Borgata's future conduct. *See Murphy*, 455 U.S. at 478 (noting exception to mootness doctrine may apply only if there is "'a reasonable expectation that the same complaining party would be subjected to the same action again'") (quoting *Illinois Elections Bd. v. Socialist Workers Party*, 440 U.S. 173, 187 (1979)).

In the wake of Borgata's Answer, Plaintiffs can no longer assert a legitimate interest in obtaining declaratory relief. The Court therefore grants Borgata's motion for judgment on the pleadings as to Count One of the Complaint.

## IV. Conclusion

For the reasons set forth above, and for other good cause shown, Defendant's motion for judgment on the pleadings as to Count One is granted and Count One is dismissed as moot. An appropriate order follows.

/s/ Michael A. Shipp
Michael A. Shipp
United States District Judge

Dated: November 25, 2013